McIlvrid v. Murphy et al., 190 Ill. App. 515.

## Abstract of the Decision.

1.  INTOXICATING LIQUORS, § 158*—*when instruction erroneous as ignoring element of good faith.*  In the prosecution of a druggist for selling intoxicating liquor in anti-saloon territory, where the evidence showed that the alleged liquor was a compound containing a large percentage of alcohol, instructions given for the People ignoring the element of good faith on the part of defendant and therefore requiring a conviction though he sold the compound in good faith for medicinal purposes and not as a shift or device to evade the law, *held* erroneous.

2.  INTOXICATING LIQUORS, § 158*—*when instruction erroneous as assuming facts.*  In a prosecution of an indictment for selling intoxicating liquor in anti-saloon territory, an instruction is erroneous if it assumes the defendant sold such liquor in such territory.

3.  CRIMINAL LAW, § 308*—*sufficiency of instruction.*  In a criminal case, an instruction directing the jury to find the defendant guilty without requiring the jury to find from the evidence beyond a reasonable doubt is erroneous.

---

## William McIlvrid, Receiver, Plaintiff in Error, v. Murphy and Walsh, Defendants in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding.  Heard in this court at the April term, 1914.  Reversed and remanded.  Opinion filed October 16, 1914.

## Statement of the Case.

Action by William McIlvrid, receiver of Cockburn Company, a corporation, against Murphy & Walsh, a copartnership, on a contract against the defendants in error to recover the price of three aero pulverizers with combustion chambers alleged to have been sold and delivered by Cockburn Company to the defendants in error, and also to recover the market price of

*See **Illinois Notes Digest**, Vols. XI to XV, and **Cumulative Quarterly**, same topic and section number.

some extras furnished defendants in error for said machines. The contract sued on is as follows:
"Rec'd.
May 20, 1912
Murphy & Walsh.

PEKIN, ILLINOIS, May 18, 1912.

Cockburn Co.
New York, N. Y.
Ship by freight.

Order No.
1166 D
Job 7305

"In acknowledging this order refer to Number and Date, and state when Shipment will be made.
"Direct to Murphy & Walsh.
Knox, Indiana.
3 Aero Pulverizers with Combustion Chambers Price $3000.00 F. O. B. New York City, Terms 25% upon delivery. Balance or 75% sixty days after delivery. Two complete outfits to be shipped—ten days—third to be shipped within 30 days. These machines to be guaranteed to give results equal to fuel oil. Cost of operation to be 30% less than fuel oil, basing cost of coal at $2.50 per ton F. O. B. Knox, Ind., and fuel oil two cents per gallon, F. O. B. Knox. Invoice must show NUMBER AND DATE OF THIS ORDER.

MURPHY & WALSH,
Per MILES MURPHY.

Accepted,
Cockburn Co.,
By W. A. Evans,
May 18, 1912."

The declaration consisted of the common counts with a bill of particulars attached. The pleas were the general issue and a special plea with a bill of particulars attached. There was a verdict and judgment on the special plea for the defendants in error for $591.99. To reverse the judgment, plaintiff prosecutes a writ of error.

GOODRICH, VINCENT & BRADLEY and THOMAS F. FERNS, for plaintiff in error.

JESSE BLACK, JR., for defendants in error.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

## Abstract of the Decision.

1. ASSUMPSIT, ACTION OF, § 88*—*admissibility of contract*. In an action based on the common counts to recover the purchase price of goods sold under an express contract, the contract is admissible in evidence.

2. SALES, § 309*—*when price or value may be recovered under common counts*. When the terms of a special contract of sale have been so far performed that nothing remains to be done, except the payment, the amount due may be recovered under the common counts. If, however, the contract remains executory, the plaintiff must declare specially on the contract.

3. SALES, § 325*—*burden of proof*. A clause in a contract of sale warranting machines sold to give certain results, *held* to be an independent covenant and therefore not a condition precedent, requiring the seller in an action for the purchase price to prove that the machines complied with the warranty before he could recover.

4. SALES, § 388*—*remedies for breach of warranty*. Where an independent covenant of warranty in a contract of sale is violated, the purchaser has a right of action against the seller for damages or he may recoup for damages.

5. SET-OFF AND COUNTERCLAIM, § 31*—*sufficiency of plea of set-off*. A special plea in order to constitute a plea of set-off entitling defendant to an affirmative judgment must allege that the amount due the defendant exceeds the amount of damages claimed by plaintiff, and offer to allow to plaintiff his damages and ask for judgment for excess.

6. SALES, § 330*—*when instructions erroneous*. In an action for the price of machines sold where there was a clause of warranty in the contract, instructions submitting to the jury whether the machines were accepted by defendants and stating that if they were not accepted to find the issues for defendants, *held* erroneous where the evidence conclusively shows that the machines were accepted, and it also appears that defendant must rely on the alleged breach of warrant and cannot rescind the contract, and that the plaintiff should be allowed a credit for the value of the machines whatever they were worth.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.